IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Diane Smyers<br>426 Wagon Ave.<br>Pataskala, Ohio 43062<br><br>-and-<br><br>Robert Carter<br>45 Andover Rd., Apt. D<br>Heath, Ohio 43056<br>Plaintiffs,<br><br>v.<br><br>Ohio Mulch Supply, Inc.<br>1600 Universal Rd.<br>Columbus, Ohio 43207<br><br>-and-<br><br>Jim Weber, II<br>1600 Universal Rd.<br>Columbus, Ohio 43207<br><br>Defendants | Civil Action No. 2:17-cv-1110<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**Collective and Class Action Complaint**<br><br>**Jury Demand Endorsed Hereon** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Diane Smyers ("Smyers" or "Named Plaintiff Smyers") and Robert Carter ("Carter" or "Named Plaintiff Carter") (collectively "Plaintiffs" or "Named Plaintiffs") individually and on behalf of other members of the general public similarly situated, for their complaint against Defendant Ohio Mulch Supply, Inc. ("OMS" or "Defendant OMS") and Defendant Jim Weber, II ("Weber" or Defendant Weber") (collectively, "Defendants"), for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"),

Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, O.R.C. § 4123.90, Chapter 4112, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants jointly employed the Named Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

### I. PARTIES

#### A. **Named Plaintiffs**

4. Named Plaintiff Diane Smyers is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Named Plaintiff Smyers was jointly employed by Defendants beginning in March of 2015 until October of 2017.

6. Named Plaintiff Smyers primarily worked as an hourly, non-exempt retail manager for Defendants' Newark, Ohio store located at 1602 E. Main Street, Newark, Ohio, 43055 (hereafter the "OMS - Newark"). In addition to working as Defendants' retail manager at OMS-Newark, Plaintiff also performed the same responsibilities at Defendants' Stone Division located at 776 Reynoldsburg-New Albany Road, Blacklick, Ohio 43004 (hereafter the "Stone Division") and Pataskala Ohio Mulch located at 8932 Hazelton-Etna Road, Pataskala, Ohio 43062 (hereafter the "OMS Pataskala").

7. Named Plaintiff Robert Carter is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

8. At all times relevant herein, Named Plaintiff Carter was jointly employed by Defendants beginning in March of 2015 until August of 2017.

9. Named Plaintiff Carter worked as an hourly, non-exempt yard worker for Defendants' Newark, Ohio store located at 1602 E. Main Street, Newark, Ohio, 43055 (hereafter the "OMS - Newark").

### B. Defendants

10. Defendant Ohio Mulch Supply, Inc. is a domestic for-profit corporation that operates and conducts substantial business activities in the Southern District of Ohio and jointly operates numerous stores throughout Ohio. Defendant OMS jointly employs the individuals working at all Ohio locations.

11. Defendant Jim Weber, II is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio. Defendant Weber conducts substantial

business activities in the Southern District of Ohio and jointly operates numerous stores throughout Ohio. Defendant Weber jointly employs the individuals working at all Ohio locations.

## II. FACTS

### A. Allegations regarding uncompensated work of Named Plaintiff Smyers and other retail managers

12. During her employment with Defendants, Named Plaintiff Smyers and Defendants' other retail managers worked as hourly, non-exempt retail managers.

13. Defendants automatically deducted 0.5 hours from Named Plaintiff Smyers' and Defendants' other retail managers' compensable hours on each shift for a meal break.

14. In addition, Defendants had a policy or practice that Named Plaintiff Smyers and Defendants' other retail managers that they had to clock-out anytime they left Defendants' stores and that they were not permitted to be clocked-in unless they were physically working at one of Defendants' OMS stores.

15. Named Plaintiff Smyers and Defendants' other retail managers also travelled from their respective stores to the bank at the end of each shift to make nightly deposits, but Defendants jointly failed to compensate Named Plaintiff Smyers and Defendants' other retail managers for their time spent fulfilling these responsibilities.

16. Named Plaintiff Smyers and Defendants' other retail managers' regularly worked more than 40 hours per week, but they were not paid one and one-half times their regular rate for all of hours worked over 40 as a result of Defendants' automatic meal deduction policy and/or their practice and policy of not compensating retail managers for any time spent working if they were not physically at one of Defendants' OMS stores.

17. As a retail manager, Named Plaintiff Smyers traveled between the OMS-Newark store and Defendants' other OMS store locations, including the Stone Division, OMS Pataskala,

and their corporate headquarters[1] during her workdays. However, Defendants jointly failed to compensate her for the time spent traveling between OMS stores and/or corporate headquarters.

18. Named Plaintiff Smyers additionally answered phone calls, emails, and performed other work for Defendants during times when she was not working at one of Defendants' stores, but Defendants jointly failed to compensate her for such work because she was only permitted to be on the clock when she was working at one of Defendants' locations.

19. Defendants' failure to compensate Plaintiff Smyers and other retail managers as set forth above resulted in unpaid overtime.

### B. Allegations regarding uncompensated work of Named Plaintiff Carter and Defendants' other hourly, nonexempt employees

20. During his employment with Defendants, Named Plaintiff Carter worked as an hourly, non-exempt yard worker at Defendants' OMS-Newark store location.

21. Defendants automatically deducted 0.5 hours from Named Plaintiff Carter's compensable hours and the compensable hours worked of all hourly, non-exempt employees on each shift for a meal break.

22. Named Plaintiff Carter and Defendants' hourly non-exempt employees regularly worked more than 40 hours per week, but they were not paid one and one-half times their regular rate for all of hours worked over 40 as a result of Defendants' automatic meal deduction policy.

23. At all times relevant herein, the Named Plaintiffs and Defendants' other hourly non-exempt employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

---

[1] Defendants' corporate office is located at 1600 Universal Rd. Columbus, Ohio 43207.

24. Defendants jointly are and have been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

25. During relevant times, Defendants jointly maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

26. During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiffs and those similarly situated.

27. During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and other similarly situated employees.

28. During relevant times, Defendants shared the services of Plaintiffs and other similarly situated employees.

29. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiffs and those similarly situated.

30. During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

31. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiffs and all other similarly situated employees.

32. Upon information and belief, Defendants jointly operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

33. The Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and they have given their written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiff*, attached hereto as **Exhibit A**).

34. During relevant times, Defendants suffered and permitted the Named Plaintiffs and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate as a result of Defendants' automatic meal deduction policy and other company-wide pay practices or policies that affect Named Plaintiffs and all other similarly situated employees.

35. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

36. During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

37. Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

### III.    216(b) COLLECTIVE ALLEGATIONS

38.    The Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class. The 216(b) class consists of two subclasses:

> (1) All current and former Ohio hourly, non-exempt employees of Defendants who during the previous three years worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of Defendants' automatic meal deduction policy (the "Automatic Deduction Subclass").
>
> (2) All current and former Ohio Retail Managers of Defendants who during the previous three (3) years worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked because of Defendants' policy of not compensating them for any time spent working if they were not physically at one of Defendants' OMS stores (the "Retail Manager Subclass") (Collectively, the Automatic Deduction Subclass and Retail Manager Subclass will be referred to as the "216(b) Class Members").

### A.  Uncompensated Work Due to Automatic Meal Deduction

39.    Named Plaintiffs and putative 216(b) Class Members were all subject to the same automatic meal deduction policy whereby Defendants automatically deducted 0.5 hours from their compensable hours on their shifts for a meal break when Defendants knew or should have known that the employees continued to perform substantial duties for their employers' benefit during those meal breaks. The Named Plaintiffs and putative 216(b) Class Members were unable to take meal breaks and/or had their meal breaks interrupted by their duties.

40.    During some or all of the last three years, Defendants did not compensate Named Plaintiffs and the putative members of the Automatic Deduction Subclass for any time spent performing substantial duties for Defendants' benefits during their meal breaks, and/or did not

compensate Named Plaintiffs and the putative members when they were unable to take meal breaks, and/or when they had their meal breaks interrupted by their job duties.

### B. Off-the-Clock Work of Retail Managers

41.  Named Plaintiff Smyers and putative Retail Managers Subclass Members were additionally subject to the same policy or practice whereby Defendants also refused and/or failed to pay them for any time spent working if they were not physically at one of Defendants' OMS stores.

42.  During some or all of the last three years, Defendants did not compensate Named Plaintiff Smyers and putative Retail Managers Subclass Members for any time spent performing substantial duties for Defendants' benefits if they were not physically at one of Defendants' OMS stores.

43.  During some or all of the last three years, Defendants did not compensate Named Plaintiff Smyers and the putative Retail Managers Subclass Members for all time spent traveling during their workdays and/or performing other compensable work for Defendants' joint benefit.

44.  The preceding FLSA claims for the 216(b) Class Members are brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiffs, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' automatic meal deduction policy for their hourly, non-exempt employees and also their pay policy or practice applied to the Retail Manager Subclass. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

45. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## IV. RULE 23 ALLEGATIONS

46. The Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All Ohio current and former hourly, non-exempt employees of Defendants who during the previous three years worked over forty hours in any workweek but were not properly compensated for all of their overtime hours as a result of Defendants' Automatic Meal Deduction Policy and/or Defendants' policy or practice to only compensate Retail Managers for any time spent working if they were not physically at one of Defendants' OMS stores (the "Rule 23 Class" or the "Rule 23 Class Members").

47. The Rule 23 Class includes all current or former hourly, non-exempt employees employed by Defendants throughout the State of Ohio as defined above.

48. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

49. The Named Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

50. The Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

51. The Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

52. The Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

53. Questions of law and fact are common to the Rule 23 Class.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Rule 23 Class as a whole.

56. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the MFWSA by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Rule 23 Class on account of Defendants' violations of the MFWSA; and (f) what

amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

58. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the 216(b) Class.

61. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

62. During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiffs and the 216(b) Class Members.

63. The Named Plaintiffs and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

64. The Named Plaintiffs and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

65. Defendants violated the FLSA with respect to Named Plaintiffs and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek.

66. The Named Plaintiffs and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

67. Defendants compensated Named Plaintiffs and the 216(b) Class Members on an hourly and not a salary or fee basis.

68. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the 216(b) Class Members are entitled.

69. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiffs and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

70. As a direct and proximate result of Defendants' conduct, the Named Plaintiffs and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought under Ohio Law.

73. The Named Plaintiffs and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants jointly are employers covered by the overtime requirements under Ohio Law.

74. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

75. The Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

76. Defendants' company-wide policy of automatically deducting a 0.5-hour meal break from the Named Plaintiffs and Rule 23 Class Members' compensable hours when the employees did not receive a meal break, had an interrupted meal break, or had a shortened meal break resulted in unpaid overtime.

77. Defendant's company-wide corporate policy of not compensating Named Plaintiff Smyers and other Retail Managers for any time spent working if they were not physically at one of Defendants' OMS stores resulted in unpaid overtime.

78. The Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

79. Defendants' repeated and knowing failures to pay overtime wages to the Named Plaintiffs were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed

to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

80. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. The Named Plaintiffs and the Rule 23 Class Members were employed by Defendants.

83. During all relevant times, Defendants were entities covered by the OPPA and the Named Plaintiffs and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

84. The OPPA requires Defendants to pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

85. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

86. The Named Plaintiffs and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

87. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### FOURTH CAUSE OF ACTION:
### RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

88. All of the preceding paragraphs are realleged as if fully rewritten herein.

89. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

90. During times material to this complaint, Defendants were a covered employer, and required to comply with the Ohio Wage Act's mandates.

91. Named Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

92. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

93. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiffs and the putative class and collective members per week, and because Defendants failed to keep accurate records in accordance with Ohio Law, Named Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.  Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter A. Contreras*
Peter A. Contreras (0087530)
CONTRERAS LAW, LLC
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman