IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE SMYERS,<br>    On behalf of herself and other<br>    members of the general public<br>    similarly situated | :<br>:<br>:<br>: | Case No. 2:17-cv-1110 |
| **Plaintiff,** | :<br>: | JUDGE ALGENON L. MARBLEY |
| v. | :<br>: | Magistrate Judge Vascura |
| **OHIO MULCH SUPPLY, INC.,** *et al.*, | :<br>: | |
| **Defendants.** | :<br>: | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs ("Motion to Conditionally Certify"). (ECF No. 6). Defendants have filed three Motions to Strike. (ECF Nos. 9, 19, 24). For the reasons set forth below, Plaintiff's Motion to Conditionally Certify is **GRANTED**, and Defendant's Motions are **DENIED AS MOOT**.

### **I. BACKGROUND**

Plaintiff Diane Smyers worked for Defendant Ohio Mulch Supply, at three of their locations in the greater Columbus metro area, from March 2015 until October 2017. Ms. Smyers was a retail manager for Ohio Mulch Supply ("OMS"). Ms. Smyers alleges that OMS regularly required her—and others similarly situated—to perform uncompensated work. Specifically, Ms. Smyers alleges, *inter alia*, that OMS retail managers were required to travel to the bank and between OMS locations without compensation; that she and others regularly worked more than

1

forty hours without proper compensation; and that she and others had time deducted from their compensable hours for a meal break. (ECF No. 1 at 4). Ms. Smyers initiated this collective action against OMS for violations of the Fair Labor Standards Act (FLSA) (29 U.S.C. §§201-219); the Ohio Minimum Fair Wage Standards Act (Ohio Rev. Code §§ 4111.03 & 4111.08); and the Ohio Prompt Pay Act (Ohio Rev. Code §4113.15).

Ms. Smyers' initial complaint was filed with Robert Carter as another named plaintiff, but Mr. Carter has since been offered a Rule 68 Settlement by Defendants. In addition, Ms. Smyers' ex-husband, Philip Smyers, filed a Supplemental Witness Statement in Support of Conditional Certification. (ECF No. 22). The Defendants have submitted Motions to Strike information from Plaintiff Carter, as well as to strike Mr. Smyers' Declaration. (ECF Nos. 9, 24). Ms. Smyers herself also submitted a Second Declaration (ECF No. 18), which Defendants have also moved to strike. (ECF No. 19). Because this Court grants Plaintiff's Motion to Conditionally Certify, at this time it need not address the merits of the Defendants' arguments to strike information from Mr. Carter, to strike Mr. Smyers' declaration, or to strike Ms. Smyers' second declaration. Ms. Smyers was considered, *arguendo*, the sole named plaintiff in this action while this Court considered the Motion to Conditionally Certify, based only on her (first) declaration submitted with that Motion.

## II. LEGAL STANDARD

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees are permitted to "opt into" the collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The lead plaintiff bears the burden to show that the proposed class members are similarly situated to the

2

lead plaintiff. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). The FLSA does not define "similarly situated" and neither has the Sixth Circuit. *Id.* But notably, plaintiffs seeking to certify a collective action under the FLSA face a lower burden than plaintiffs seeking class certification under Federal Rule of Civil Procedure 23. *Id.* In FLSA class actions, "class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) (unpublished).

In the first phase, the conditional-certification phase, conducted at the beginning of the discovery process, named plaintiffs need only make a "modest factual showing" that they are similarly situated to proposed class members. *Comer*, 454 F.3d at 547. *See also Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015). The standard at the first step is "fairly lenient…and typically results in conditional certification of a representative class." *Comer*, 454 F.3d at 547 (internal citations omitted). Courts generally consider factors such as "employment settings, individual defenses, and the fairness and procedural impact of certification." *Frye*, 495 F. App'x at 672 (citing *O'Brien*, 575 F.3d at 584). Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id.* at 584. The named plaintiff "need only show that his position is similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (alteration omitted); *see also Comer*, 454 F.3d at 546-547.

At this stage, a court "does not generally consider the merits of the claims, resolve factual

disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). In determining conditional certification, courts have considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread…plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Bus. Servs. Corp.*, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

At the final certification phase, conducted after the conclusion of discovery, courts "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. At this stage, the court has much more information on which to base its decision of whether the proposed plaintiffs are similarly situated and, "as a result, it employs a stricter standard." *Id.* (alteration, quotation marks, and citation omitted).

### III. ANALYSIS

#### A. Similarly Situated Analysis

Ms. Smyers seeks conditionally to certify the following collective action under the FLSA, consisting of two subclasses:

1. All current and former Ohio hourly, non-exempt employees of Defendants, at any retail location, who since December 18, 2014 worked over 40 hours in any workweek but were not properly compensated for all their overtime hours worked under the FLSA because of Defendants' automatic meal deduction policy; and
2. All current and former Ohio Hourly Retail Managers of Defendants who since December 18, 2014 worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours because of Defendants' policy of not compensating them for

4

any time spent working if they were not physically at one of Defendants' OMS stores.[1] In addition to the allegations advanced in her Complaint, Ms. Smyers submitted to the Court a declaration indicating that she and other putative members of the collective action are similarly situated because "all of Defendants' hourly, non-exempt employees are subject to the same payroll policies and procedures." (ECF No. 6, Ex. 2 at 3). In her declaration, Ms. Smyers submits to the Court that Defendants "automatically deducted a 30-minute meal break from hourly, non-exempt employees' daily hours worked regardless" of whether the employee actually took the 30-minute uninterrupted break. (*Id.*). Ms. Smyers says she was instructed to forward work phone calls to her personal cell phone so she could answer the calls after her shift ended. (*Id.* at 5). Ms. Smyers' declaration also says OMS required her and other employees to clock out anytime they left OMS premises, so they were not compensated for time spent traveling between Defendants' three locations—or for time on the phone, answering email, and doing other work-related tasks off-site. (*Id.* at 5-6).

Courts have allowed conditional certification based on one declaration. *See, e.g. Sisson v. OhioHealth Corp.*, 2013 WL 6049028 (S.D. Ohio 2013) (conditionally certifying a collective action based on one nurse's declaration describing her employment and that of her colleagues); *Ford v. Carnegie Management Services, Inc.*, 2016 WL 2729700 (S.D. Ohio 2016) (conditionally certifying a collective action based on one employee's declaration). At the conditional certification stage, a plaintiff can demonstrate that "potential class members 'similarly situated,' for purposes of receiving notice, based solely upon allegations in a

---

[1] These two subclasses are as submitted by Ms. Smyers in her Reply to Defendants' memorandum contra conditional class certification. (ECF No. 18). Defendants correctly note that the wording of these two subclasses differs slightly from the initial proposal in Ms. Smyers' Motion for Conditional Certification. (ECF No. 6). Although this Court considered only the initial Motion and the first declaration for the purposes of this order, because the changes to the subclasses were non-substantive and only clarified the notice process, those changes were made by the Court.

complaint of class-wide illegal practices." *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (quoting *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996)). Such a showing, however, need only be "modest," sufficient to establish at least a colorable basis for their claim that a class of "similarly situated" plaintiffs exist. *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991). Courts requiring a factual showing "have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citations omitted). The standard to conditionally certify a class is less stringent than the requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure, where common questions must predominate. *O'Brien*, 575 F.3d at 584 (6th Cir. 2009).

The sworn statement that Ms. Smyers submitted with the Motion for Conditional Certification (ECF No. 6, Ex. 2) is sufficient at this "fairly lenient" stage to show that Ms. Smyers is similarly situated to other putative class members because they "suffer from a single, FLSA-violating policy." *See Comer*, 454 F.3d at 547 (internal quotations omitted); *O'Brien*, 575 F.3d at 585; *see also Flexter v. Action Temp. Servs.*, 2016 WL 7852351 at *4 (S.D. Ohio Mar. 25, 2016) (noting that the "similarly situated analysis" is an "inexact science" that benefits from declarants who have "personal knowledge of widespread violations"). Ms. Smyers alleges unlawful pay practices at each of the restaurant locations identified in the Complaint, at about the same time and place, in generally the same manner, which affected her and the putative class members in the same way. *See, e.g., Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (finding that allegations of unlawful pay practices at Defendants' three restaurants was sufficient to meet the FLSA burden to conditionally certify a collective action). She makes these

allegations based on personal knowledge and experience. The claims by Ms. Smyers and the putative class members would indeed be "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. And beyond Ms. Smyers' allegations, she has submitted some evidence identifying potential class members and demonstrating a "colorable basis" that illegal pay practices and procedures are in place at each of the Defendants' stores. (ECF No. 6, Ex. 2).

The Court therefore finds that conditional certification of the proposed class is appropriate. Defendants may file a motion for decertification at a later date if discovery reveals that the members of the putative class are not similarly situated.

### B. Notice

Having conditionally certified the class, this Court has the authority to supervise notice to potential plaintiffs. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989). *See also, Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 870 (S.D. Ohio 2011). By "monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. The Court may facilitate notice to the putative class "so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Swigart*, 276 F.R.D. at 214.

Ms. Smyers requests that OMS identify all potential opt-in plaintiffs within fourteen days after the entry of the order conditionally certifying the class. (ECF No. 6 at 17). She further requests that OMS provide information about each potential opt-in plaintiff, including their full name, last known address, telephone number, all known e-mail addresses, job titles, and dates and location(s) of employment. *Id.* Ms. Smyers proposes to contact potential plaintiffs by regular mail and email and requests a 60-day opt-in period, with permission to send a reminder notice

7

halfway through that 60-day period. (*Id.* at 18-19).

Courts traditionally "approve only a single method for notification unless there is a reason to believe that method is ineffective." *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 879 (S.D. Ohio 2017). The trend in the Southern District of Ohio, however, "is to allow notice by mail and email to ensure that putative class members receive notice of the pending action." *Hall v. U.S. Cargo & Courier Serv.*, LLC, 299 F. Supp. 3d 888, 899-900 (S.D. Ohio 2018). This Court has followed this trend and will continue to allow both mail and email notice to the putative class members. *See e.g. Nazih v. Café Istanbul of Columbus, LLC*, 2018 WL 4334613 (S.D. Ohio 2018). Ms. Smyers also requests the telephone numbers of the putative class members. Allowing putative plaintiffs to be reached by phone would serve the remedial purposes of the FLSA, because—along with an email address—such contact information will "likely obviate the need to resend notice if an employee's home address is inaccurate." *Hall*, 299 F.Supp.3d at 899 (citing *Parker v. Breck's Ridge, LLC*, 2018 WL 551328 at *6 (S.D. Ohio 2018)). Given the Defendants' lack of objection and the Ms. Smyers' declaration stating that OMS frequently communicated with their employees by telephone, this Court approves the request to provide notice via postal mail, email, and telephone.

Defendants submitted a series of motions objecting to the Plaintiffs' filings on procedural grounds. Defendants first submitted a motion to strike information from Plaintiff Carter's Notice of Acceptance of Rule 68 Offer of Judgment. (ECF No. 9). Next, Defendants submitted a motion to strike Ms. Smyers' Second Declaration. (ECF No. 19). Then Defendants submitted a motion to strike Phillips Smyers' Declaration. (ECF No. 24). However, in none of these filings did Defendants object to the language of Ms. Smyers' proposed notice to conditionally certify the class. As a result, and because this Court finds it sufficient, Ms. Smyers' motion is granted.

### III. Defendants' Motions to Strike

Finally, Defendants' Motions to Strike are denied as moot. Because an FLSA collective action may be conditionally certified with just one satisfactory declaration (*see e.g. Castillo*, supra; *see also Ford*; *Sisson,* supra), this Court need not decide whether Mr. Carter's declaration must be disregarded. In the context of a collective action, defendants generally are not permitted to "pick off" plaintiffs in an effort to reduce their "numerosity" so defendants may then claim class or collective actions are inappropriate. Such a tactic by defendants "requiring multiple plaintiffs to bring separate actions…obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Deposit Guaranty Nat. Bank. v. Roper*, 445 U.S. 326, 339 (1980). Allowing defendants to strategically reduce the class of plaintiffs while the motion for certification is pending "could prevent the courts from ever reaching the class action issues" and would place plaintiffs "at the mercy of a defendant, even in cases where a class action would be most clearly appropriate." *Unan v. Lyon*, 853 F.3d 279, 285 (6th Cir. 2017) (citing *Brunet v. City of Columbus,* 1 F.3d 390, 400 (6th Cir 1993)). *See also Wilson v. Gordon*, 822 F.3d 934 (6th Cir. 2016) (summarizing Sixth Circuit doctrine on the "picking off exception"). The theory behind the "picking off" doctrine helps illustrate why Mr. Carter's declaration need not be disregarded.[2]

Similarly, Defendants' Motions to Strike regarding Ms. Smyers' second declaration and Mr. Smyers' declaration for being in violation of Local Rule 7.2 are denied as moot. Trial courts

---

[2] The mechanism at issue in *Roper, Unan,* and *Wilson* are Rule 23 class actions, not FLSA collective actions. However, the theory of the "picking off" exception is still relevant because the motivations for the rule – including conserving judicial resources and not putting plaintiffs at the defendant's mercy as the latter strategically reduces the class of putative plaintiffs – applies as logically to FLSA collective actions as to Rule 23 classes.

9

have inherent power to control their dockets, which entails the power to strike a document or a portion of a document. *See Zep Inc. v. Midwest Motor Supply Co.,* 726 F.Supp.2d 818, 822 (S.D. Ohio 2010). This Court also "has broad discretion in determining whether to grant a motion to strike." *McKinney v. Bayer Corp.,* 2010 WL 2756915, at *1-2 (N.D. Ohio 2010). The Local Rules "govern practice and procedures before the United States District Court for the Southern District of Ohio, unless a Judge orders otherwise in a given case." Local Rule 1.1(c). This Court therefore declines to strike Mr. Smyers' declaration or Ms. Smyers' second declaration, and instead denies Defendants' Motions as moot because the FLSA collective action is conditionally certified.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion to Conditionally Certify (ECF No. 6) and conditionally certifies the following collective action, consisting of two subclasses:

1. All current and former Ohio hourly, non-exempt employees of Defendants, employed at any retail location, who since December 18, 2014 worked over 40 hours in any workweek but were not properly compensated for all their overtime hours worked under the FLSA because of Defendants' automatic meal deduction policy; and
2. All current and former Ohio Hourly Retail Managers of Defendants who since December 18, 2014 worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours because of Defendants' policy of not compensating them for any time spent working if they were not physically at one of Defendants' OMS stores.

The Court further **ORDERS** that within **FOURTEEN DAYS** of the date the notice is approved, Defendant shall answer Plaintiff's Opt-In Discovery, and shall provide to Plaintiff an Excel spreadsheet containing the full name, last known address, telephone number, all known e-mail addresses, job titles, and dates and location(s) of employment of those individuals named by the subclasses (1) and (2) above.

IT IS SO ORDERED.

                                              <u>s/Algenon L. Marbley</u>
                                              ALGENON L. MARBLEY
                                              UNITED STATES DISTRICT JUDGE

**DATED:** January 4, 2019