IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| DIANE SMYERS, | : | |
| On behalf of herself and other members of the general public similarly situated | : | Case No. 2:17-cv-1110 |
| | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Magistrate Judge Vascura |
| | : | |
| **OHIO MULCH SUPPLY, INC.,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter comes before the Court on Defendants' Motion for Partial Reconsideration. (ECF No. 34) to which Plaintiffs filed a Response in Opposition (ECF No. 34). Defendants also filed a Motion for Extension of Time (ECF No. 35) which Plaintiffs also opposed (ECF No. 38). For the reasons that follow, Defendants' Motion for Reconsideration **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motion for Extension of Time is **DENIED**. Defendants' Motion for a Status Conference is **DENIED**. On or before January 24, 2019, Defendants shall provide to Plaintiffs the information set forth in the Court's January 4, 2019 Order. (ECF No. 32). This Court's Order holding these proceedings in abeyance is now expired. (ECF No. 36).

### A. The Language of the Notice

The Court is aware of Defendant's objection to Plaintiffs' proposed notice. In their Response in Opposition to Plaintiffs' Motion to Certify Class (ECF No. 15), Defendants make three specific objections to the language in Plaintiffs' proposed notice. Defendants first object to the proposed notice's references to Plaintiff Carter and Defendants' offer of settlement to him. (ECF No. 15 at 23). Second, Defendants object to language concerning putative plaintiffs' right

1

to counsel. (*Id.*). Third, Defendants object to the opt-in forms being returned only to Plaintiffs' counsel. (*Id.*).

Defendants' first objection is granted in part. Given Mr. Carter has accepted a settlement while Plaintiff Diane Smyers remains a named plaintiff for this action, the notice to putative class members need not include details about Mr. Carter's involvement or settlement. In their Response in Opposition, Plaintiffs maintain their references to Mr. Carter are proper, but allow that the final Notice could omit any such references. (ECF No. 37 at 3). This Court agrees that references to Mr. Carter should be omitted and agrees with Plaintiffs' proposed language. The final notice shall instead explain the certification process using only Plaintiff Smyers as an example.

Defendants' second objection is overruled. The Notice as submitted by Plaintiffs does advise putative class members of their right to any counsel of their choosing. In addition, the language of this section (Section VII of the Proposed Notice) mirrors language approved in other cases in this District. *See e.g. Parker v. Breck's Ridge, LLC*, 2018 WL 551328 (S.D. Ohio 2018). (ECF No. 38, Ex. 2).

Defendants' third objection is overruled. Opt-in notices shall be sent to Plaintiffs' counsel and not this Court. Plaintiffs correctly note this has been the approved procedure in this jurisdiction. (ECF No. 37 at 3).

### B. The "Look-Back"

Defendants also argue for adjusting the period of employment for putative class members – the so-called "look-back date." (ECF No. 32 at 4-5). The "look-back date" is the date from which to calculate backward to determine which employees are possibly eligible for the putative class. Plaintiffs have proposed the look-back date be December 18, 2017, the date on which the Complaint was filed, and that the look-back period be three years. Defendants object to setting

the look-back date to the date the Complaint was filed.

A cause of action under the FLSA accrues on the date that payment is owed. *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 878 (S.D. Ohio 2017). *See also Atkinson v. TeleTech Holdings, Inc.*, 2015 WL 853234 at *7 (S.D. Ohio 2015). In a collective action, a *named* plaintiff's claim is considered to be filed on the date the complaint is filed and he or she files a written consent to join the collective action. *Id.* However, if a party is not named in the complaint, the claim is not considered to be filed until he or she files notice of written consent to become a party plaintiff. *Id.* at *7 (citing 29 U.S.C. § 256). In addition, "certification at this stage is by no means final." *Hamm*, 275 F. Supp. 3d at 878 (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir. 2006) (internal quotations omitted).

Defendants argue the relevant time period looks backward from the date this Court entered the order conditionally certifying the class. (ECF No. 35 at 4-5). Otherwise, Defendants argue, because the FLSA statute of limitations is three years in cases with willful FLSA violations, too many individuals will be notified as being putative class members when in fact their claims have expired.

In response, Plaintiffs argue that Defendants waived this objection by failing to object to the look-back date in prior briefing. (ECF No. 37 at 2). In the alternative, Plaintiffs note that while a motion for equitable tolling might be considered premature by this Court, they may so motion at a later stage of the proceedings. As a result, even if it might appear that a look-back date sweeps in too many potentially-expired claims, tolling – were it requested by parties and then granted by this Court – could keep those claims alive.[1] (ECF No. 6). Plaintiffs correctly note

---

[1] This Court has no opinion on the question of equitable tolling at this time because the matter has not yet been properly raised by a motion and briefed by the parties, and mentions such a motion only by way of describing Plaintiffs' argument.

3

that this Court has previously approved Notices to be sent pegged to the date of the initial complaint. *See, e.g. Betts v. Central Ohio Gaming Ventures*, 2:16-cv-373 at ECF No. 37 (approving a Notice looking back from the date of the Complaint); *Snelling v. ATC Healthcare Services, Inc., et al.,* 2021 WL 6042839, 2:11-cv-983 at ECF No. 72 (same).

The look-back date for the purposes of the Notice in the instant case shall be December 18, 2017 – the day the Complaint was filed – and shall be for a period of three years (to December 18, 2014).

### C. Extension of Time

Defendants additionally have submitted a Motion for Extension of Time and request a new deadline of February 1, 2019. (ECF No. 35). Plaintiffs requested conditional certification in March 2018. (ECF No. 6). As Defendants note in their Motion for Reconsideration, the statute of limitations in the FLSA causes claims to expire essentially on a daily basis. As a result, time is of the essence to the Plaintiffs. In addition, Defendants have had ample notice they may have to provide employee contact information to Plaintiffs.

Defendants' Motion for Extension of Time is **DENIED.** However, in light of the Motion to Reconsider, this Court will grant Defendants a full fourteen days to respond to Plaintiffs.

Defendants shall have **FOURTEEN (14) days** from the date of **this Order** to provide to Plaintiffs the information set forth in the Court's January 4, 2019 Order. Defendants shall provide this information to Plaintiffs on or before **January 24, 2019**. The putative class members shall then have **SIXTY (60) DAYS** from the date that Plaintiffs send the notices to join this litigation.

**IT IS SO ORDERED.**

                                               ___s/Algenon L. Marbley_____
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: January 10, 2018**