UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DIANE SMYERS,** *et al.*, | : | |
| | : | **Case No. 2:17-cv-1110** |
| On behalf of themselves and other members of the general public similarly situated, | : : : | |
| | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| | : | **Magistrate Judge Chelsea M. Vascura** |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **OHIO MULCH SUPPLY, INC.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| ............................................. | : | ............................................. |
| | : | |
| **RAY CARTER,** *et al.*, | : | |
| | : | **Case No. 2:19-cv-1632** |
| On behalf of themselves and other members of the general public similarly situated, | : : : | |
| | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| | : | **Magistrate Judge Chelsea M. Vascura** |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **OHIO MULCH SUPPLY, INC.,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **OPINION & ORDER**

This matter comes before the Court on Plaintiffs' Unopposed Motion For Approval Of Agreed Attorneys' Fees And Costs Award (ECF No. 95).[1] For the reasons that follow, Plaintiffs' Motion is **GRANTED**.

---

[1] The *Smyers* and *Carter* cases were consolidated for purposes of settlement. (ECF No. 84). All ECF numbers in this Opinion refer to the *Smyers* docket unless otherwise indicated.

1

## I. BACKGROUND

On June 4, 2020, the Parties jointly moved for approval of a Settlement Agreement. (ECF No. 83). The Settlement Agreement resolved all claims in the two above-captioned matters. Both cases are class actions concerning unpaid overtime compensation to Defendants' employees.

On December 4, 2020, the Court approved the Settlement Agreement with modifications to the fees and costs award. (ECF No. 86). Specifically, the Court approved the Settlement Agreement as fair and reasonable but reduced the agreed-upon attorneys' fees and expenses for Plaintiffs' counsel from $57,114.25 to $31,666.66. (*Id.* at 7).

On appeal, the Sixth Circuit vacated the portion of the Court's previous Order that reduced the award of attorneys' fees. (ECF No. 93 at 4). The Sixth Circuit remanded the matter "for consideration of whether plaintiffs' attorneys' estimate of their fees under the lodestar method was an accurate reflection of their reasonable hourly rates and the number of hours that counsel reasonably expended on the case, and if so, to approve the fee award." (*Id.*).

## II. LAW AND ANALYSIS

The Settlement Agreement that this Court approved covers 54 Plaintiffs, including representatives and opt-ins, and totals $95,000. This sum covers: (1) all of the individual payments to the *Smyers* and *Carter* Plaintiffs; (2) Representative Plaintiff Smyers's service payment; and (3) attorneys' fees and expenses for Plaintiffs' counsel in both the *Smyers* and *Carter* actions. (ECF No. 83 at 5).

Plaintiffs' counsel requested $57,114.25 in attorneys' fees and expenses: $55,000 in fees, and $2,114.25 in expenses. (*Id.* at 6). The fee figure was calculated by multiplying 157.9 attorney

hours across the two actions by a lodestar rate of $350 per hour. (ECF No. 83-4, Contreras decl. ¶¶ 36–37 & Coffman decl. ¶¶ 37–38).[2]

Represented as a share of the settlement fund, the agreed-upon attorneys' fees total 58%. The attorneys' expenses ($2,114.25) represent 2%, the service payment to Plaintiff Smyers ($3,000) represents 3%, and the remaining 37% is for individual payments. Although the attorneys' fees are a majority of the settlement fund, they have not diluted Plaintiffs' claims below the value of their overtime wages. The individual payments, averaging about $650 per class member, cover 125% of alleged overtime damages. In other words, class members can recover their overtime wages in full, with a 25% premium as liquidated damages. (ECF No. 83 at 10).

The Court previously stated that it "does not question" counsel's time and labor in litigating this matter. (ECF No. 86 at 8). The hourly rate of $350 also is fair; in fact, this Court approved the same rate for the same counsel in *Budd v. K.N.S. Servs., Inc.*, Case No. 2:17-cv-0401. *See Budd*, ECF Nos. 20-3 (Coffman decl. ¶ 21), 20-4 (Contreras decl. ¶ 20), & 21 (Court approval). Accordingly, the lodestar estimate is reasonable, and it is **APPROVED** consistent with the Sixth Circuit's remand.

### III. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiffs' Motion For Approval Of Agreed Attorneys' Fees And Costs Award (ECF No. 95). The Court's prior approval of the Settlement Agreement (ECF No. 86) stands, but without the modification to the Parties' agreed-upon attorneys' fees.

---

[2] Multiplying 157.9 by 350 gives a total lodestar sum of $55,265. The attorneys discounted their fee figure by $265.

3

**IT IS SO ORDERED.**

                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 1, 2021**